IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-525-BR

| | |
|---|---|
| THEODORE JUSTICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| ) | |
| GRANVILLE COUNTY ) | |
| SCHOOLS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff has filed an application to proceed *in forma pauperis*, and has demonstrated appropriate evidence of inability to pay the required court costs. However, the Court must also conduct a review pursuant to 28 U.S.C. §§ 1915(e)(2) which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996)(discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989). For the following reasons the undersigned recommends that Plaintiff's Complaint be found insufficient to survive review under 28 U.S.C. § 1915(e)(2).

As an initial matter, the undersigned notes that Plaintiff has previously filed a complaint alleging very similar facts in Theodore Justice v. Granville County Board of Education, 5:10-CV-350-BR. In that Complaint, Plaintiff alleged several claims pursuant to the Individuals with Disabilities Education Act ("IDEA"). Ultimately, that Complaint was dismissed as

frivolous. Justice, 5:10-CV-350, (DE's 3-5).

The instant Complaint does not correct any of the deficiencies in Plaintiff's original frivolous IDEA claim. Nor does he assert any new claims that are valid. For example, Plaintiff contends that he brings this action pursuant to his "Right to Be Heard or Redress a Grievance" (DE 1-1, pg. 1). In addition, Plaintiffs also argues that Defendants have violated his right: 1) "to enter a public place without the fear of being charged with trespassing"; 2) "to be a part of . . . [his] child's educational team"; and 3) "to be treated like any other parent" (DE 1-1, pg. 1-2). Specifically, Plaintiff alleges that Defendant has prohibited him from entering the campus where his son attends because he allegedly violated a school policy for visitation. Plaintiff also complains that Defendant failed to notify him on one occasion when his son was released early. He also asserts that Defendant has been unresponsive to his attempts at communication. As relief, Plaintiff requests, *inter alia*, that: 1) he be permitted to pick up and drop off his son from school; and 2) Defendant be ordered to meet and communicate with him.

In short, and particularly in light of Plaintiff's previous frivolous filing, the undersigned finds that these allegations fail to state a claim upon which relief can be granted. Therefore, the undersigned RECOMMENDS that Plaintiff's motion to proceed *in forma pauperis* be GRANTED, but that his Complaint be dismissed for failure to state a claim.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Wednesday, December 01, 2010.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE