UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-525-BR

| | | |
|---|---|---|
| THEODORE JUSTICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GRANVILLE COUNTY BOARD | ) | |
| OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the 1 December 2010 Memorandum and

Recommendation ("M&R") (DE # 4) of Magistrate Judge William A. Webb regarding the

application filed by plaintiff Theodore Justice ("plaintiff") to proceed *in forma pauperis* (DE # 1)

and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). The magistrate judge

recommends that plaintiff's application to proceed *in forma pauperis* be granted and that the

complaint be dismissed for lacking any arguable basis in law or fact. Plaintiff filed two

objections to the M&R on 8 December 2010 (DE ## 5-6).

The district court reviews *de novo* only those portions of a magistrate judge's M&R to

which specific objections are filed. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Local

Civil Rule 72.4(b). The court does not perform a *de novo* review where a party makes only

"general and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47

(4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear

error." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation

and internal quotation marks omitted). Upon careful review of the record, "the court may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1)(C).

Plaintiff has filed two objections to the M&R. Many of his objections are general and

conclusory in nature. In one of the objections, plaintiff contends that he has stated a Fourteenth

Amendment due process claim and a First Amendment claim regarding his right to petition the

government. (Pl.'s Obj., DE # 5, ¶¶ 8-10.)[1]

Where a plaintiff has requested leave to proceed *in forma pauperis*, the court must

conduct a review of the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Under this

statute, a district court must dismiss all or any part of an action found to be frivolous or

malicious, which fails to state a claim upon which relief can be granted, or which seeks money

damages from a defendant immune from such recovery. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii);

Michau v. Charleston Cnty., S.C., 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d

1310, 1315-16 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28

U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. See

Neitzke v. Williams, 490 U.S. 319, 325 (1989).

As plaintiff correctly points out in his objections, this court follows the principle that the

pleadings of *pro se* litigants should be held to a less stringent standard than those drafted by

attorneys. See Haines v. Kerner, 404 U.S. 519, 520 (1972). This court is charged with liberally

construing a pleading filed by a *pro se* litigant to allow for the development of a potentially

meritorious claim. See id.; Estelle v. Gamble, 429 U.S. 97, 106 (1976); Noble v. Barnett, 24

---

[1] Plaintiff also states in one of his objections that he seeks injunctive relief under 42 U.S.C. § 1983 and that he is alleging violations of § 504 of the Rehabilitation Act, 29 U.S.C. § 794. (Pl.'s Obj., DE # 5, at 2.) However, the court will not address these "objections" because there are absolutely no allegations related to these purported claims in plaintiff's complaint.

F.3d 582, 587 n.6 (4th Cir. 1994). The court conducted its review of the M&R and the other

documents of record with this liberal *pro se* pleading standard in mind. However, while

plaintiff's complaint has been liberally construed, plaintiff is still required to state a claim upon

which relief can be granted in order to proceed.

In his complaint, plaintiff alleges that defendant Granville County Board of Education

("defendant") violated his "Constitutional Right to Due Process and Right to Be Heard or

Redress a Grievance" by prohibiting him from entering the campus of his son's school. (Compl.,

DE # 1-1, at 1; see also id. at 2.) Plaintiff received a letter from defendant's attorney on 9

November 2010 which stated that he was being banned from school property for violating a

school visitation policy. (Id. at 1.) However, plaintiff believes that he was banned from the

school campus because he asked defendant to explain why he was not notified of his son's early

release from school on or about 4 November 2010. (Id. at 2.)

Plaintiff argues that he did not receive a copy of the school visitation policy before being

prohibited from entering school property. (Id. at 1-2.) He also appears to argue that he should

have had a hearing or should have been given some type of notice before defendant decided to

deny him access to the school campus. (Id.; see also Pl.'s Obj., DE # 5, ¶ 3.) He further

maintains that defendant has violated his right: (1) "to enter a public place without the fear of

being charged with trespassing"; (2) "to be a part of . . . [his] child's education team"; and (3) "to

be treated like any other parent wishing to visit the school campus[.]" (Compl. at 2.) He alleges

that defendant has been unresponsive to his attempts at communication. As relief, plaintiff

requests, *inter alia*, that: (1) he be permitted to pick up and drop off his son from school; and (2)

defendant be ordered to meet and communicate with him. (Id.)

3

While parents have a general due process right to direct their children's education without unreasonable interference by the states, Meyer v. Nebraska, 262 U.S. 390, 400 (1923), this right does not include the unfettered right to access school premises. Many courts have held that parents do not have a constitutional right to be on school premises. See, e.g., Porter v. Duval Cnty. Sch. Bd., No. 3:09-CV-285-J-32MCR, 2010 WL 1252177, at *7 (M.D. Fla. Mar. 26), aff'd, 406 Fed. Appx. 460, 462 (11th Cir. 2010); Cole v. Montague Bd. of Educ., 145 Fed. Appx. 760, 762-63 (3d Cir. 2005); Lovern v. Edwards, 190 F.3d 648, 655-56 (4th Cir. 1999) (affirming dismissal of non-custodial parent's frivolous claim that prohibiting him from entering school property violated his due process rights); Mayberry v. Indep. Sch. Dist. No. 1., No. 08-CV-416-GKF-PJC, 2008 WL 5070703, at *4-5 (N.D. Okla. Nov. 21, 2008); Cunningham v. Lenape Reg'l High Dist. Bd. of Educ., 492 F. Supp. 2d 439, 448 (D.N.J. 2007); Mitchell v. Beaumont Indep. Sch. Dist., No. 1:05-CV-195, 2006 WL 2092585, at *10 (E.D. Tex. July 25, 2006); Van Deelen v. Shawnee Mission Unified Sch. Dist. # 512, 316 F. Supp. 2d 1052, 1057 (D. Kan. 2004), disapproved on other grounds, Van Deelen v. Johnson, 497 F.3d 1151, 1157 n.6 (10th Cir. 2007); Mejia v. Holt Pub. Schs., No. 5:01-CV-116, 2002 WL 1492205, at *6 (W.D. Mich. Mar. 12, 2002).[2] Therefore, defendant was not required to provide notice or a hearing before banning plaintiff from entering school property. See, e.g., Miller v. Montgomery Cnty. R-II Sch. Dist., 2:10-CV-78-DDN, 2011 WL 1299536, at *3 (E.D. Mo. Apr. 1, 2011); Cwik v. Dillon, No. 1:09-CV-00669, 2011 WL 379039, at *1-2 (S.D. Ohio Feb. 2, 2011); Mejia, 2002 WL 1492205, at *7 (procedural due process does not require a school district to provide parents

---

[2] Even if the court accepts as true plaintiff's allegations that he was not disruptive on school grounds, (Compl. at 1-2), this fact does not create for plaintiff a constitutional right to unfettered access to his son's school. See Porter, 2010 WL 1252177, at *7 n.13; Mayberry, 2008 WL 5070703, at *1, 4-5.

4

with notice and a hearing before denying them access to school property).

Plaintiff further contends that his First Amendment right to petition the government was violated when he was prohibited from contacting defendant and personnel at his son's school. (Compl. at 1; see also Pl.'s Obj., DE # 5, ¶ 10.) He also asserts that defendant threatened him with the filing of trespass charges or other criminal prosecution. (Compl. at 1.) Plaintiff states that he was banned from school property as a result of the letter that he received from defendant's attorney on 9 November 2010, but he has not attached the letter to the complaint. However, plaintiff has filed the letter in another case that he has brought in this district, Theodore Justice v. Dr. Timothy Farley, No. 5:11-CV-99-BR.

In evaluating a case under 28 U.S.C. § 1915(e)(2)(B)(ii), a court may appropriately look to cases decided under Federal Rule of Civil Procedure 12(b)(6) for guidance. See De'lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003) (review standard for dismissals under Rule 12(b)(6) applies to dismissals for failure to state claim under 28 U.S.C. § 1915(e)(2)(B)(ii)); Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 2000) (relying on standards set out in Rule 12(b)(6) cases in applying failure to state claim provision in 28 U.S.C. § 1915(e)(2)(B)(ii)). While the primary considerations in a Rule 12(b)(6) motion are the allegations in the complaint, the court "is not limited to the four corners of the complaint . . . ." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004). The matters which a court may consider on a Rule 12(b)(6) motion include documents appearing in the record of the case, matters of public record, items subject to judicial notice, matters incorporated by reference into the complaint, and exhibits attached to the complaint whose authenticity is unquestioned. See id.; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Witthohn v. Fed. Ins.

5

Co., 164 Fed. Appx. 395, 396-97 (4th Cir. 2006); In re FAC Realty Sec. Litig., 990 F. Supp. 416, 420 (E.D.N.C. 1997). Because plaintiff specifically references the 9 November 2010 letter several times in his complaint, the court will consider it in conducting the frivolity review.

The First Amendment guarantees the right of the people to petition the government for a redress of grievances. Thorne v. Bailey, 846 F.2d 241, 244 (4th Cir. 1988). However, "[t]he right to communicate is not limitless[,]" and does not grant unlimited access to government officials. Lovern, 190 F.3d at 656. Furthermore, the right to petition does not require any response or active consideration of the petitioner's communications by government officials. See Minn. State Bd. for Cmty. Colls. v. Knight, 465 U.S. 271, 286 (1984); Smith v. Ark. State Highway Emps., Local 1315, 441 U.S. 463, 464-65 (1979).

The 9 November 2010 letter states that plaintiff is not permitted to enter the school campus without the express written consent of the school superintendent or his duly authorized agent. (Theodore Justice v. Dr. Timothy Farley, No. 5:11-CV-99-BR, DE # 1-7, at 1.) Although plaintiff appears to argue that he was completely prohibited from contacting school personnel, the referenced letter indicates only that defendant would not respond to any attempts by plaintiff to communicate by email and that defendant did not want plaintiff to call or talk to any personnel at his son's elementary school. (Id.) Most importantly, nothing in the letter indicates a closure of other avenues of petition, such as regular mail. In fact, the letter specifically provides that plaintiff may contact the school superintendent by telephone if he has any concerns about his son or about the Granville County Schools. (Id. at 2.) The fact that defendant has refused to respond to his communications is irrelevant. Furthermore, the threats of filing trespass charges or other criminal prosecution relate to any future attempts made by plaintiff to enter the school campus

6

without express written consent.  Thus, plaintiff has not alleged a set of facts that would

constitute a prevention of his right to petition.

Plaintiff also seeks injunctive relief pursuant to Rule 65 of the Federal Rules of Civil

Procedure.  (Pl.'s Obj., DE # 5, ¶ 11.)  Because plaintiff has not shown that any of his federal

rights have been violated, the request lacks merit.  <u>See</u> <u>Winter v. Natural Res. Def. Council, Inc.</u>,

129 S. Ct. 365, 374 (2008); <u>Real Truth About Obama, Inc. v. FEC</u>, 575 F.3d 342, 345-46 (4th

Cir. 2009), <u>vacated on other grounds</u>, 130 S. Ct. 2371 (2010), <u>reinstated in relevant part on</u>

<u>remand</u>, 607 F.3d 355 (4th Cir. 2010) (*per curiam*).

For the foregoing reasons, plaintiff's objections to the M&R are OVERRULED, and the

court ADOPTS the magistrate judge's findings and recommendations (DE # 4) as its own.

Plaintiff's application to proceed *in forma pauperis* is GRANTED, and plaintiff's complaint is

DISMISSED pursuant to 28 U.S.C. § 1915(e)(2).  The Clerk is DIRECTED to close the case.

This 1 July 2011.

 

 

_____
W. Earl Britt
Senior U.S. District Judge